IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CR-187-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| BRIAN KEITH CANNADAY, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for a hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented no evidence. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a single-count indictment on 1 July 2013 with possession of a firearm by a convicted felon on or about 12 April 2013. The evidence presented at the hearing showed that the charges arise from the recovery of a 9 millimeter pistol from the passenger-side glove box of a car in which defendant had been travelling as the front-seat passenger shortly after the car was stopped. The woman driving the car was found in possession of marijuana (in her mouth). Defendant admitted that the gun and marijuana were his. The gun had been stolen from

its owner in Virginia. Defendant had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically, accessory after the fact to attempted robbery with a dangerous weapon on 12 December 2008.

**Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the potential term of imprisonment defendant faces and the stolen status of the gun; defendant's criminal record, including six felony convictions, six misdemeanor convictions, two probation revocations, three formal probation violations, his commission of multiple offenses while on pretrial release and probation, and his continual commission of offense conduct despite repeated incarcerations; the danger of continued gun-related offense conduct by defendant if released; defendant's marijuana abuse; the absence of a suitable third-party custodial arrangement; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as his lifelong ties to local community. It finds, however, that the factors favoring detention outweigh such evidence. Especially telling are his extensive record of pretrial release and probation violations and his continual commission of offense conduct despite multiple successive incarcerations (*e.g.*, he committed his 15 September 2010 cocaine possession offense only about 90 days after completing on 12 June 2010 an 18-month term of imprisonment for his accessory after the fact conviction), substantiating in particular that the prospect of revocation of release would not likely deter him from criminal conduct while on release.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 23rd day of July 2013.

James E. Gates
United States Magistrate Judge